USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAHKIMA GOMEZ-KALAWID,

                Plaintiff,

-against-

DR. LEE; DR. ALSABAN; DR. LEANTT,

                Defendants.

20-CV-1786 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

    Plaintiff, currently incarcerated at Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging defendants violated his constitutional rights. By order dated April 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Dr. Lee, Dr. Alsaban, and Dr. Leantt through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Dr. Lee, Dr. Alsaban, and Dr. Leantt and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   April 23, 2020
         New York, New York

_____
VALERIE CAPRONI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Dr. Lee
   Bellevue Hospital
   462 First Avenue
   New York, NY 10016

2. Dr. Alsaban
   Bellevue Hospital
   462 First Avenue
   New York, NY 10016

3. Dr. Leantt
   Bellevue Hospital
   462 First Avenue
   New York, NY 10016