UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAHKIMA GOMEZ-KADAWID,

                        Plaintiff,

        -against-

DR. LEE, *et al.*,

                        Defendants.

20cv01786 (VEC) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      By letter dated November 29, 2020, plaintiff Yahkima Gomez-Kadawid ("Plaintiff") has requested that the Court seek *pro bono* counsel to represent him in the above-captioned action. For the reasons set forth below, Plaintiff's application (Dkt. 15) is denied without prejudice.

      In his Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that, while in custody at Rikers Island, he was forced to undergo an invasive dental procedure (specifically, the removal of an impacted wisdom tooth, under anesthesia) at Bellevue Hospital, without his consent. This Court recognizes that this claim may be of substance, *see Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986), and that Plaintiff is both indigent (*see* Dkt. 7 (granting Plaintiff's application to proceed *in forma pauperis*)) and currently incarcerated in a psychiatric facility, with little ability to prosecute his case. At this time, though, there is little activity in the case. Two of the three named defendants – Drs. Alsaban and Leantt – appear to be in default, as the Docket reflects that they have been served with the Summons and Complaint, by the United States Marshals Service (*see* Dkts. 13, 14), but have not timely appeared in the action. As to the third named defendant – Dr. Lee – the Marshals Service, to date, has apparently been unable to effect service (*see* Dkt. 12), and thus this Court is now issuing an Order requiring

the New York City Law Department to provide it with Dr. Lee's last-known address, so as to facilitate the Marshals Services' efforts to serve this defendant.

If Dr. Lee is served with process and appears in the action to assert a defense, then it may be appropriate for the Court to seek *pro bono* counsel for Plaintiff, to assist him in prosecuting his claims against Dr. Lee, at least to the extent of conducting discovery. Similarly, granting Plaintiff's request for *pro bono* counsel may be appropriate if either of the other two defendants should belatedly appear in this case and seek to defend against Plaintiff's claims. Presently, however, there is no substantial need for the services of *pro bono* counsel, and, given the scarcity of volunteer attorneys, the Court finds it an appropriate exercise of its discretion to deny Plaintiff's request at this time.

This denial of Plaintiff's application for the Court to seek counsel to represent him in this case is without prejudice to renew, should circumstances in the case change. Moreover, this Court notes that, even without a renewed motion by Plaintiff, this Court may opt to act *sua sponte* to reconsider Plaintiff's application, should any defendant appear in the action and seek to engage in active litigation.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, at the address reflected on the Docket and shown below.

Dated:  New York, New Yok
        January 4, 2021

                                                        SO ORDERED

                                                        _____
                                                        DEBRA FREEMAN
                                                        United States Magistrate Judge

Copy to:

Yahkima Gomez-Kadawid
DIN No. 19A1623
Central New York Psychiatric Center
P.O. Box 300
Marcy, NY 13403-0300