UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAHKIMA GOMEZ-KADAWID,

               Plaintiff,

-against-

DR. LEE, *et al.*,

               Defendants.

20cv01786 (VEC) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    This action, brought under 42 U.S.C. § 1983 by *pro se* plaintiff Yahkima Gomez-Kadawid ("Plaintiff"), is based on a limited set of facts and circumstances that arose during a time when he was in custody at Rikers Island. Specifically, Plaintiff alleges that, after seeking pain medication for a wisdom tooth that was "partly coming out," he was taken to Bellevue Hospital, where his constitutional rights were violated by medical personnel who, he claims, forced him to undergo a surgical procedure to remove the tooth, under anesthesia, without his consent. (Complaint, dated Feb. 9, 2020 (Dkt. 2).) Plaintiff further alleges that the surgery resulted in permanent damage and pain, such that he is now barely able to eat. (*See id.*)

    By Order dated January 4, 2021 (Dkt. 17), this Court denied without prejudice Plaintiff's application for the Court to request *pro bono* counsel to represent him. As of that date, two of the named defendants seemed to be in default, and the third had not yet been served. This Court thus reasoned that there was no substantial need for the services of *pro bono* counsel at that time and found it an appropriate exercise of its discretion to deny Plaintiff's request. This Court further noted, however, that, should any of the defendants appear in the action and seek to defend against Plaintiff's claims, revisiting this ruling might be warranted. Now, two of the defendants have appeared in the case and have filed a motion to dismiss the Complaint, and, although the

U.S. Marshals Service has had some difficulty serving the third defendant, it seems likely that the service issues will be remedied shortly. Accordingly, at the initial pretrial conference held on June 2, 2021, this Court permitted Plaintiff to make an oral application to renew his request for the Court to seek counsel for him, and that request is now granted.

Specifically, this Court directs that the Clerk of Court seek *pro bono* counsel to enter a limited appearance for the purpose of assisting Plaintiff in (1) responding to the pending motion to dismiss, and (2) conducting discovery, should the case move forward. Counsel will file a Notice of Limited Appearance as *Pro Bono* Counsel.

## **LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at

61-62. Of course, the litigant must first demonstrate that he or she is indigent, by, for example, successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997) (noting that "[i]t is often likely that the assistance of a lawyer will be vital to surviving a potentially dispositive adverse motion"). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

In this case, Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Dkt. 7.) Plaintiff therefore qualifies as indigent. In addition, regardless of whether Plaintiff's Complaint will ultimately survive the pending motion to dismiss, this Court nonetheless finds that his claim that his rights were violated by his being subjected to invasive surgery without his consent is "likely to be of substance," *Hodge*, 802 F.2d 61-62; *see Wells v. Hanlon*, No. 9:17-CV-0468 (LEK/DEP), 2018 WL 2437640, at *7 (N.D.N.Y. May 7, 2018) (declining to recommend dismissal of Section 1983 claim where plaintiff plausibly alleged that,

as a prisoner, he was forcibly subjected to surgery without his consent), *report and recommendation adopted by* 2018 WL 2435166 (N.D.N.Y. May 30, 2018). Further, this Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application.

Plaintiff has informed this Court that he was recently transferred from a psychiatric facility to Sing Sing Correctional Facility, where he has not identified anyone who might be able to help him with preparing papers in this case. Although, at the June 2, 2021 conference, this Court set a deadline for Plaintiff to submit his opposition to the pending motion to dismiss, it appeared that Plaintiff was very uncertain as to how to prepare such papers and, especially in light of his mental health difficulties, that he would benefit from assistance. Further, should this case proceed to discovery, Plaintiff would likely have difficulty conducting depositions and engaging in other discovery. Representation in this case would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Given the still-early stage of the proceedings, the Court will request that counsel appear for the limited purposes of: assisting Plaintiff in preparing a response to the pending motion to dismiss (for which this Court will grant an extension, should *pro bono* counsel request one), and then – if discovery were to proceed – defending Plaintiff's deposition, if noticed; conducting document discovery; and, to the extent necessary to develop the evidentiary record, conducting depositions of the defendants in this case. *Pro bono* counsel may, but is not required to, conduct additional discovery which, in the exercise of his or her good faith judgment, counsel deems necessary. In addition, *pro bono* counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono* Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The *Pro Bono* Fund is

4

especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

*Pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order. In particular, *pro bono* counsel will not be required to respond to a motion for summary judgment or to represent Plaintiff at trial, should the case progress to trial. In the event that any of the defendants file a motion for summary judgment, *pro bono* counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's renewed application for the Court to request *pro bono* counsel is granted, and the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. Plaintiff is also advised that there is no guarantee that a volunteer attorney will decide to take the case, and Plaintiff should therefore be prepared to proceed with the case without an attorney.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, at the address shown on the Docket.

Dated: New York, New Yok
June 3, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge