UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAHKIMA GOMEZ-KADAWID,

                          Plaintiff,

-against-

DR. LEE; DR. ALSABBAN; DR. LEANTT,

                          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/22
```

20-CV-1786 (VEC) (DF)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

      WHEREAS on February 26, 2020, Plaintiff Yahkima Gomez-Kadawid, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, asserting that, while he was a pretrial detainee at the Bellevue Hospital Center, Defendants Dr. Jessica Lee, Dr. Sarah Alsabban, and Dr. Sarah Leavitt[1] performed a dental procedure on him without his consent, *see generally* Compl., Dkt. 2;

      WHEREAS on April 23, 2020, the Court referred the case to Magistrate Judge Debra Freeman for general pretrial supervision and for the preparation of a Report and Recommendation ("R&R") on any motions that arose, Order of Reference, Dkt. 10;

      WHEREAS on April 16, 2021, Defendants filed a motion to dismiss the Complaint, Not. of Mot., Dkt. 29;[2]

      WHEREAS on February 3, 2022, Judge Freeman issued an R&R recommending that (1) Defendants' motion be denied without prejudice; (2) Plaintiff be provided assistance from Defendants in identifying which individuals performed the surgery at issue; (3) Plaintiff be

---

[1]     Defendant Leavitt was initially referred to in the Complaint as "Dr. Leantt". *See* Dkt. 2.

[2]     Although initially filed by Defendants Alsabban and Leavitt, Defendant Lee filed a request to join the motion, which was granted by Judge Freeman. *See* Dkts. 49, 52.

1

directed, after that assistance is given, to amend his Complaint to specify Defendants Lee and Alsabban's personal involvement in the claimed actions; and (4) Plaintiff be directed to plead that he timely served the required notices of his state law claims on NYC Health + Hospitals and provide any reasons why the applicable statutes of limitations for those claims should be equitably tolled or Defendants should be equitably estopped from relying on them, R&R, Dkt. 58 at 2, 27;

WHEREAS in the R&R, Judge Freeman notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had 14 days to file written objections to the R&R's findings, *id.* at 28;

WHEREAS Judge Freeman further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* (using capital letters);

WHEREAS neither party filed objections;

WHEREAS on February 14, 2022, Defendants filed a letter identifying Defendant Alsabban as the attending surgeon and Defendant Lee as the resident surgeon during the surgery in question, *see* Dkt. 59;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED the Court ADOPTS the R&R in full.  Defendants' motion is DENIED without prejudice.  Because Defendants have already filed a letter specifying the roles of Doctors Alsabban and Lee in the surgery that is at issue, not later than **April 4, 2022**,[3] Plaintiff is ordered to amend his Complaint: (i) to specify the personal involvement of Dr. Lee and Dr. Alsabban in the claimed constitutional violation, *see* R&R at 22, 27; (ii) to specify whether he timely served notice of claims relative to his state law claims of battery and medical malpractice on NYC Health + Hospitals, *see id.* at 26–27; and (iii) to provide any reasons why the applicable statutes of limitations for those state-law claims should be equitably tolled or why Defendants should be equitably estopped from relying on the statutes of limitations, *see id.* at 27.  If Plaintiff fails to file an Amended Complaint by that date, the Court will dismiss his Section 1983 claim against Defendants Lee and Alsabban and his battery and medical malpractice claims against all Defendants.

Because the R&R gave the parties adequate warning, *see id.* at 28, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).  Because

---

[3]   Although Judge Freeman recommended giving Plaintiff two weeks to amend his Complaint, *see* R&R at 27, due to constraints associated with receiving and sending mail while incarcerated, the Court is providing Plaintiff with additional time to prepare and file his Amended Complaint.

appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

      IT IS FURTHER ORDERED that Clerk of Court is respectfully directed to terminate the open motion at Docket 29.  The Clerk is further directed to mail a copy of Defendants' letter at Docket 59 and this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date:  **February 24, 2022**  
      **New York, New York**

                               **VALERIE CAPRONI**  
                               **United States District Judge**