**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
YAHKIMA GOMEZ-KADAWID,

                              Plaintiff,                  **20-CV-01786 (VEC) (VF)**

             -against-                                       **ORDER**

DR. LEE, et al,

                              Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 3, 2021, the Honorable Debra C. Freeman granted Plaintiff's renewed application for the Court to request *pro bono* counsel, see ECF No. 38, determining that Plaintiff's claim "that his rights were violated by his being subjected to invasive surgery without his consent is 'likely to be of substance.'" Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); see also Wells v. Hanlon, No. 17-CV-0468 (LEK/DEP), 2018 WL 2437640, at *7 (N.D.N.Y. May 7, 2018) (declining to recommend dismissal of Section 1983 claim where plaintiff plausibly alleged that, as a prisoner, he was forcibly subjected to surgery without his consent), report and recommendation adopted, 2018 WL 2435166 (N.D.N.Y. May 30, 2018).

At the time, the Clerk of Court was directed to seek *pro bono* counsel to enter a limited appearance for the purpose of assisting Plaintiff in (1) responding to the then-pending motion to dismiss, and (2) conducting discovery, should the case move forward. ECF No. 38. Defendants' then-pending motion to dismiss, filed on April 16, 2021, was denied on February 24, 2022. ECF Nos. 29-31, 47-48, 58, 60. Defendants subsequently renewed their motion to dismiss on October 12, 2022. ECF Nos. 90-92.

On December 11, 2022, Susan Weiswasser filed a notice of limited appearance of *pro bono* counsel. Accordingly, the Court will request that Ms. Weiswasser serve as *pro bono* counsel for Plaintiff for the limited purposes of: (1) assisting Plaintiff in preparing a response to the renewed motion to dismiss (ECF Nos. 90-92); and (2) assisting Plaintiff in discovery, including defending Plaintiff's deposition, if noticed; conducting document discovery; and, to the extent necessary to develop the evidentiary record, conducting depositions of the Defendants in this case. *Pro bono* counsel may, but is not required to, conduct additional discovery which, in the exercise of her good faith judgment, counsel deems necessary. In addition, *pro bono* counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono* Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The *Pro Bono* Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

*Pro bono* counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order. In particular, *pro bono* counsel will not be required to respond to a motion for summary judgment or to represent Plaintiff at trial, should the case progress to trial. In the event that any of the Defendants file a motion for summary judgment, *pro bono* counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion. Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by

*pro bono* counsel of Plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

DATED:   New York, New York
         December 12, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge