USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
YAHKIMA GOMEZ-KADAWID,                           :
                                                 :
                              Plaintiff,         :     20-CV-1786 (VEC) (VF)
                                                 :
              -against-                          :     ORDER ADOPTING
                                                 :     REPORT &
DR. JESSICA LEE, DR. LENA ALSABBAN, and          :     RECOMMENDATION
DR. SARAH LEAVITT,                               :
                                                 :
                              Defendants.        :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 9, 2020, Plaintiff Yahkima Gomez-Kadawid, proceeding *pro se*, filed a complaint alleging claims for violation of his constitutional rights under 42 U.S.C. § 1983, battery, and medical malpractice against Doctors Jessica Lee, Lena Alsabban, and Sarah Leavitt (together, "Defendants"), for allegedly performing a surgical dental procedure on him without his consent while he was a pretrial detainee at the Bellevue Hospital Center, *see generally* Compl., Dkt. 2;

WHEREAS on April 23, 2020, the Court referred this case to Magistrate Judge Debra Freeman for general pretrial supervision and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Order of Reference, Dkt. 10;

WHEREAS on April 16, 2021, Defendants moved to dismiss the Complaint in its entirety, *see* Defs. Not. of Mot., Dkt. 29;

WHEREAS on February 24, 2022, the Court denied Defendants' motion without prejudice and granted Plaintiff leave to amend, in relevant part, to (1) specify whether he timely served notice of his state law claims on NYC Health + Hospitals; (2) provide any reasons why the applicable statutes of limitations for those state law claims should be equitably tolled; and (3)

1

provide any reasons why Defendants should be equitably estopped from relying on the statutes of limitations, *see* Order, Dkt. 60, at 3;

WHEREAS on March 29, 2022, Plaintiff filed an amended complaint, *see* Am. Compl., Dkt. 65;

WHEREAS on April 30, 2022, the referral in this matter was reassigned from Magistrate Judge Debra Freeman to Magistrate Judge Valerie Figueredo, *see* Apr. 30, 2022 Reassignment Not.;

WHEREAS on October 12, 2022, Defendants moved for judgment on the pleadings on Plaintiff's state law claims for battery and medical malpractice because they are time barred, *see* Defs. Not. of Mot., Dkt. 90[1];

WHEREAS on June 13, 2023, Judge Figueredo entered an R&R recommending that Defendants' motion be granted and that Plaintiff's state law claims be dismissed without leave to amend because the claims are time barred and because Plaintiff failed to timely serve notice of his state law claims on NYC Health + Hospitals, *see* R&R, Dkt. 107;

WHEREAS in the R&R, Judge Figueredo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 21;

WHEREAS Judge Figueredo further noted that the failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

---

[1] On December 12, 2022, Judge Figueredo appointed Plaintiff *pro bono* counsel for the limited purposes of assisting him in responding to Defendant's renewed motion to dismiss, assisting him with discovery, and engaging in settlement discussions. *See* Order, Dkt. 97.

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full and Defendants' motion for judgment on the pleadings on Plaintiff's state law claims is GRANTED without leave to amend.[2]

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* R&R at 21, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

---

[2]    Plaintiff's federal § 1983 claim remains at issue.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at Docket Entry 90. The Clerk is further directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date: **July 21, 2023**
      **New York, New York**

_____
             **VALERIE CAPRONI**
             **United States District Judge**